UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH ENG,

Plaintiff,

-against-

AUDREI LINDE,

Defendant.

14-CV-4677 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging copyright infringement. By order dated August 12, 2014, the Court granted Plaintiff leave to amend his complaint to address the deficiencies in his original pleading. Plaintiff filed an amended complaint on August 22, 2014. The Court dismisses Plaintiff's claims for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this copyright claim against Defendant, alleging that Defendant "published an idea that the universe and everything in it is conscious." (Am. Compl. at 1.)

Plaintiff alleges that "this was an idea that I published as far back as 2002." (*Id*.) To support his claim, Plaintiff cites the following quote from Defendant:

> For anyone [who] tries to understand it, at least, the universe is everything which exists. However, this may not be the last word in the interpretation of this subject since, first of all, the question [arises] whether we should include consciousness in the definition of everything which exists.

(*Id*.) This allegedly infringing quote is contained in an oral history transcript of an interview conducted with Defendant on October 22, 1987, which was subsequently published on the website for the American Institute of Physics.[1] Plaintiff alleges that the "website claims that Linde published his idea in 1987, but this cannot be confirmed. I don't believe him." (Am. Compl. at 1.)

Plaintiff alleges that he first published the "idea that the universe and everything in it is conscious" in various works, including: (1) his 2004 article for "Down in the Dirt," (2) the fifth paragraph of Chapter 5 in Dragons: Lexicon Triumvirate, (3) his 2003 screenplay, The 0th Dimension, (4) his 2004 novel "The Theory of Nothing," (5) his 2002 project, Wardream, and (6) the 2002 WGA. (*Id*.) Plaintiff appears to allege that he has registered copyrights for each of these works except for his 2004 article for "Down in the Dirt" and "Dragons: Lexicon Triumvirate." (*Id.*) Plaintiff is seeking $200,000.00 in damages. (*Id*.)

**DISCUSSION**

Plaintiff does not allege sufficient facts to support a plausible claim for copyright infringement. As explained in the Court's August 12, 2014 order, to establish copyright infringement, a claimant must show (1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Jorgenson v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir.

---

[1] *See* Oral History Transcript: Dr. Audrei Linde, available at http://www.aip.org/history/ohilist/34321.html.

2003).[2] As a threshold matter, Plaintiff appears to allege that he has "registered this idea" in the following works for which he holds registered copyrights: "The Theory of Nothing," Reg. No. TXul-156-126 (registered January 16, 2004), "The 0th Dimension" (registered August 15, 2003), "Wardream" (registered November 13, 2002), and "WGA" (registered July 2002).

The existence of a registered copyright is not, in and of itself, sufficient to maintain a copyright claim. A plaintiff with a valid copyright proves infringement by demonstrating that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's work. *Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 562 (S.D.N.Y. 2009) (quoting *Fisher–Price, Inc. v. Well–Made Toy Mfg., Corp.*, 25 F.3d 119, 122-23 (2d Cir. 1994)).

Federal copyright laws do not apply to the allegedly infringing acts of which Plaintiff complains. As explained in the Court's August 12, 2014 order, "[i]t is a fundamental principle of copyright law that a copyright does not protect an idea, but only the expression of the idea." *Computer Assocs. Intern. v. Altai, Inc.*, 982 F.2d 693, 703 (2d Cir. 1992). The Court must therefore determine "whether the similarities shared by the work are something more than mere generalized ideas or themes." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48-49 (2d Cir. 1986). Plaintiff alleges that Defendant infringed on his copyright by publishing "an idea that the universe and everything in it is conscious," which Plaintiff had previously published. Even assuming that the quoted material does express the same idea that Plaintiff has expressed, this is precisely the type of "generalized idea" that is statutorily excluded from protection under federal

---

[2] The statute of limitations for copyright violations is three years. *See* 17 U.S.C. § 507(b). A cause of action accrues when a plaintiff knows or has reason to know of the injury upon which the claim is premised. *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996) (citing *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992)).

copyright laws. *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea…").

Finally, Plaintiff's allegations undermine his claim that Defendant actually copied his work. Plaintiff alleges that he first published this idea "as far back as 2002." The transcript of the allegedly infringing interview indicates that the interview occurred on October 22, 1987, fifteen years before Plaintiff purportedly published his idea for the first time. Plaintiff states that he does not believe that this interview occurred in 1987, but he does not provide any facts to support his claim that the interview took place after Plaintiff published his works.

Having given Plaintiff an opportunity to amend his complaint and having construed his submission liberally, the Court nevertheless finds that Plaintiff does not state a plausible copyright infringement claim because he does not allege that any "protectable elements" of his work were "actually copied." Accordingly, this action is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**LITIGATION HISTORY**

Plaintiff has filed numerous cases in this Court and the Eastern District of New York, which have been dismissed for failure to state a claim or lack of subject matter jurisdiction. *See Eng v. Carter*, No. 13-CV-4855 (ENV) (LB) (E.D.N.Y. Nov. 26, 2013) (dismissed for failure to state a claim upon which relief may be granted); *Eng v. Officer X*, No. 14-CV-4036 (E.D.N.Y. filed June 27, 2014); *Eng v. Pacermonitor.com*, No. 14-CV-3912 (E.D.N.Y. July 15, 2014) (copyright action dismissed for failure to state a claim and warned that further frivolous lawsuits could result in a filing injunction or monetary sanctions); *Eng v. Cushing*, No. 14-CV-3905 (E.D.N.Y. July 15, 2014) (same); *Eng v. Implishidea*, No. 14-CV-4852 (S.D.N.Y. filed June 18, 2014) (copyright action); *Eng v. Radio Comix*, No. 14-CV-3810 (E.D.N.Y. June 30, 2014) (copyright action dismissed for failure to state a claim); *Eng v. Polodnick*, No. 14-CV-4675

(S.D.N.Y. filed June 12, 2014) (copyright action); *Eng v. Creators of the Philosoraptor*, No. 14-CV-4948 (filed June 12, 2014) (copyright action); *Eng v. Casey*, 14-CV-3734 (S.D.N.Y. filed May 8, 2014) (copyright action); *Eng v. Burger*, No. 14-CV-3632 (E.D.N.Y. June 30, 2014) (copyright action dismissed for failure to state a claim); *Eng v. Captain Blue Hen Comics*, No. 14-CV-3631 (E.D.N.Y. June 5, 2014) (copyright action dismissed without prejudice with leave to replead); *Eng v. B3 Legal*, No. 14-CV-2442 (JPO) (S.D.N.Y. filed Apr. 7, 2014); *Eng v. RFR Realty*, No. 14-CV-2485 (LAP) (S.D.N.Y. May 27, 2014) (dismissed for lack of subject matter jurisdiction); *Eng v. Bellevue Hosp.*, No. 14-CV-2516 (S.D.N.Y. July 8, 2014) (dismissed for failure to state a claim); *Eng v. Corrections Dep't of NYC*, No. 14-CV-2365 (LAP) (S.D.N.Y. filed Mar. 27, 2014); *Eng v. Baldwin*, No. 14-CV-1644 (ENV) (LB) (E.D.N.Y. June 30, 2014) (copyright claim dismissed for failure to state a claim); *Eng v. Reichardt*, No. 14-CV-1502 (E.D.N.Y. June 10, 2014) (copyright and civil rights claims dismissed for failure to state a claim); *Eng v. Dixon*, No. 14-CV-1501 (ENV) (LB) (E.D.N.Y. May 6, 2014) (dismissed as time-barred and for failure to state claim); *Eng v. City of New York*, No. 06-CV-5206 (VM) (HBP) (S.D.N.Y. May 11, 2007) (settled).

In light of Plaintiff's litigation history, particularly with respect to claims of copyright infringement, this Court finds that Plaintiff was or should have been aware of the elements of a copyright claim when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 27, 2014
New York, New York

Loretta A. Preska
LORETTA A. PRESKA
Chief United States District Judge